·No. ——

First Circuit Appeal

ANDREW ROBINSON v. THOMASILE
LANDRY

(January 21, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana    Digest — Automobiles — Par.
   4 (a).
In an automobile collision where plaintiff
   had almost stopped his car on the right
   side of the road when defendant drove
   his car into him, although there was
   plenty room to pass, defendant was
   negligent and plaintiff was not negli-
   gent.
        (Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Lafourche.
Hon Robert B. Butler, Judge.

This is a damage suit to recover the
cost of repairs necessitated by an auto-
mobile collision. There was a reconven-
tional demand.

Judgment for plaintiff and rejecting re-
convention demand of defendant.

Defendant appealed.

Judgment affirmed.

Chas. Mundy, of Thibodaux, attorney for
plaintiff, appellee.

Montet & Ellender, of Thibodaux, attor-
ney for defendant, appellant.

LECHE, J. Plaintiff's demand is for
damages caused by a collision between
his automobile and that of defendant near
a curve on the St. James Plantation on
August 19, 1922. He alleges negligence on
the part of defendant and prays for dam-
ages in the sum of two hundred and
fifty dollars. The answer of defendant
admits the collision but charges that it
was the result of plaintiff's negligence, and
the prayer thereof is for damages in recon-
vention in the sum of thirty-four and 75-100
dollars. No one of the persons in the
automobiles was hurt and the damages

prayed for are alleged to have resulted
from injury to the respective machines.

Plaintiff was going from Thibodaux to
Chac Bay in a Dodge with four passengers
and defendant was coming from the op-
posite direction in a Ford with one pas-
senger.

The road was through a cane field, esti-
mated from fifteen to twenty-two feet in
width, and the place of the accident near
a sharp curve with the view of both
the chauffeurs obstructed by the sugar
cane. These conditions were apparent
and probably already well known to the
plaintiff and to the defendant, and clearly
indicated the necessity of exercising great
care and caution in driving around the
curve. Although very narrow, the road
was wide enough for two automobiles to
safely meet and pass one another.

The district judge found substantially
that both drivers sounded their horns, that
plaintiff heard but that defendant did not;
that plaintiff either stopped entirely or so
materially slackened his speed and shut
off his power that he was on the point
of stopping before reaching the curve;
that plaintiff was on the right and de-
fendant on the wrong side of the road;
that defendant drove around the curve at
such a speed and along such a course that
he was unable to avoid the accident which
happened before plaintiff reached the
curve; and therefore he concluded that de-
fendant's negligence was the cause of the
collision.

While there is some conflict in the tes-
timony, we believe that the trial judge's
findings are supported by a preponderance
of the evidence and that defendant is
liable.

Plaintiff in answer to the appeal prays
for an increase of the sum awarded by the
trial judge. He made claim for an axle
in the sum of twenty-two dollars, but as
it was shown that the axle on his Dodge

could be effectively repaired for three dollars, he was only allowed that sum. We believe this award was fair and sufficient.

The district judge rendered judgment in favor of plaintiff for seventy-two and 20-100 dollars, itemized as follows: Repairs $50.70, watchman $1.50, and deprivation of the use of automobile $20.00.

Believing that the judgment appealed from is sustained by the evidence and law of the case, it should be affirmed and it is so ordered.